IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SURE EXPRESS, LLC,<br><br>                Plaintiff,<br><br>   v.<br><br>AMAZON.COM SERVICES, INC., d/b/a AMAZON,<br><br>                Defendant. | C.A. No. 2:19-cv-12999-GCS-APP |

**AMAZON'S ANSWER AND AFFIRMATIVE DEFENSES
TO SURE EXPRESS, LLC'S COMPLAINT**

Defendant, Amazon.com Services, Inc. d/b/a Amazon ("Amazon" or "Defendant"), by and through its undersigned counsel, hereby submits its answer and affirmative defenses to the *Complaint for Breach of Implied Contract, Conversion, Unjust Enrichment and Other Relief* (the "Complaint") filed by Plaintiff Sure Express, LLC ("Sure Express" or "Plaintiff"), as follows:

1. Plaintiff is a Michigan limited liability company with its principal place of business in Dearborn Michigan.

**ANSWER: Amazon lacks sufficient information to admit or deny the allegations in Paragraph 1 of the Complaint and therefore denies the same.**

2. Defendant Amazon is a foreign corporation doing business in Wayne County Michigan.

**ANSWER: Amazon admits the allegations in Paragraph 2 of the Complaint.**

3. The facts and circumstances giving rise to this Complaint took place primarily in Wayne County Michigan.

**ANSWER: Amazon lacks sufficient information to admit or deny the allegations in Paragraph 3 of the Complaint and therefore denies the same.**

4. The amount in controversy exceeds $25,000.00 exclusive of interest, costs and attorneys' fees.

**ANSWER: Amazon lacks sufficient information to admit or deny the allegations in Paragraph 4 of the Complaint and therefore denies the same.**

5. Transport Systems, LLC is a Michigan limited liability company in the business of, among other things, providing trucks and trailers for hire in the trucking industry and is licensed for that purpose by the Federal Motor Carrier Safety Administration.

**ANSWER: Amazon lacks sufficient information to admit or deny the allegations in Paragraph 5 of the Complaint and therefore denies the same.**

6. At any given time Transport Systems has approximately 130 tractors and trailers in use. The trailers are almost all white with the red letters "Transport Systems" on the sides.

**ANSWER: Amazon lacks sufficient information to admit or deny the allegations in Paragraph 6 of the Complaint and therefore denies the same**

7. Plaintiff and Transport Systems are both wholly owned by Ali Saleh.

**ANSWER: Amazon lacks sufficient information to admit or deny the allegations in Paragraph 7 of the Complaint and therefore denies the same**

8. In the regular course of its business, Transport Systems utilizes trailers titled in one of his other entities such as Plaintiff Sure Express.

**ANSWER**: **Amazon lacks sufficient information to admit or deny the allegations in Paragraph 8 of the Complaint and therefore denies the same.**

9.     On or about October 20, 2017 Transport Systems and U.S. Express, Inc. (USX) entered into general a Broker/Carrier Agreement.

**ANSWER**: **Amazon lacks sufficient information to admit or deny the allegations in Paragraph 9 of the Complaint and therefore denies the same**

10.     This agreement contemplated regular shipments of various types of goods around the country.

**ANSWER**: **Amazon lacks sufficient information to admit or deny the allegations in Paragraph 10 of the Complaint and therefore denies the same**

11.     Shipments were often of the "drop and hook" variety whereby Plaintiff or Transport Systems as the case may be, would drop a trailer off at the shipper's depot to be loaded or unloaded and picked up at a later time for the route.

**ANSWER**: **Amazon lacks sufficient information to admit or deny the allegations in Paragraph 11 of the Complaint and therefore denies the same.**

12.     One such shipment was on behalf of Amazon from Brownstown Michigan to Hazel Park Michigan utilizing Plaintiff's 2016 Vanguard trailer #4029, VIN 5V8VC5326GM607804.

**ANSWER**: **Amazon lacks sufficient information to admit or deny the allegations in Paragraph 12 of the Complaint and therefore denies the same.**

13.     An independent owner/operator working for Transport Systems dropped trailer #4029 of at Amazon's Brownstown facility known as "O1W5."

**ANSWER:** **Amazon lacks sufficient information to admit or deny the allegations in Paragraph 13 of the Complaint and therefore denies the same.**

14. Shortly thereafter trailer #4029 disappeared.

**ANSWER:** **Amazon lacks sufficient information to admit or deny the allegations in Paragraph 14 of the Complaint and therefore denies the same.**

15. It was later spotted by one of Transport Systems' drivers at an Amazon facility in Hebron Kentucky.

**ANSWER:** **Amazon lacks sufficient information to admit or deny the allegations in Paragraph 15 of the Complaint and therefore denies the same.**

## COUNT I
### (Breach of Implied Contract)

16. Plaintiff hereby incorporates by reference and re-alleges all previous paragraphs.

**ANSWER:** **Amazon adopts by reference its answers to Paragraphs 1 through 15 of the Plaintiff's Complaint.**

17. The facts and circumstances set forth above are sufficient to create an implied contract in fact between Plaintiff and Amazon.

**ANSWER:** **Paragraph 17 of the Complaint sets forth a legal conclusion for which no response is required. To the extent that a response is required, Amazon denies the same.**

18. Amazon's use of trailer #4029 to ship its goods confers a benefit upon Amazon for which it should compensate Plaintiff.

**ANSWER**: Paragraph 18 of the Complaint sets forth a legal conclusion for which no response is required. To the extent that a response is required, Amazon denies the same.

19. Amazon has breached and continues to breach said implied contract by failing to compensate Plaintiff for its use.

**ANSWER**: Paragraph 19 of the Complaint sets forth a legal conclusion for which no response is required. To the extent that a response is required, Amazon denies the same.

20. Damages are accruing daily.

**ANSWER**: Paragraph 20 of the Complaint sets forth a legal conclusion for which no response is required. To the extent that a response is required, Amazon denies the same.

### COUNT II
### (Conversion-Common Law and MCL 60.2919a)

21. Plaintiff hereby incorporates by reference and re-alleges all previous paragraphs.

**ANSWER**: Amazon adopts by reference its answers to Paragraphs 1 through 20 of the Plaintiff's Complaint.

22. Plaintiff is titleholder to trailer #4029.

**ANSWER**: Amazon lacks sufficient information to admit or deny the allegations in Paragraph 22 of the Complaint and therefore denies the same.

23. Trailer #4029 has a value of $35,000.00.

**ANSWER**: Amazon lacks sufficient information to admit or deny the allegations in Paragraph 23 of the Complaint and therefore denies the same.

24. Amazon has unlawfully detained, sequestered or converted trailer #4029 for its personal use and/or benefit to the detriment and exclusion of Plaintiff.

**ANSWER: Paragraph 24 of the Complaint sets forth a legal conclusion for which no response is required. To the extent that a response is required, Amazon denies the same.**

25. Amazon's actions constitute conversion.

**ANSWER: Paragraph 25 of the Complaint sets forth a legal conclusion for which no response is required. To the extent that a response is required, Amazon denies the same**.

26. As a result Plaintiff has sustained damages.

**ANSWER: Paragraph 26 of the Complaint sets forth a legal conclusion for which no response is required. To the extent that a response is required, Amazon denies the same.**

27. MCL 600.2919a provides that Plaintiff is entitled to three time its actual damages, plus costs and reasonable attorney fees.

**ANSWER**: **Paragraph 27 of the Complaint sets forth a legal conclusion for which no response is required. To the extent that a response is required, Amazon denies the same.**

### COUNT III
### (Unjust Enrichment)

28. Plaintiff hereby incorporates by reference and re-alleges all previous paragraphs.

**ANSWER: Amazon adopts by reference its answers to Paragraphs 1 through 27 of the Plaintiff's Complaint.**

29. Amazon is benefiting from the possession and use of trailer #4029.

**ANSWER: Paragraph 29 of the Complaint sets forth a legal conclusion for which no response is required. To the extent that a response is required, Amazon denies the same.**

30. Because Amazon has not paid for said benefits, Amazon has been unjustly enriched.

**ANSWER: Paragraph 30 of the Complaint sets forth a legal conclusion for which no response is required. To the extent that a response is required, Amazon denies the same.**

31. As a result, Plaintiff has sustained damages.

**ANSWER: Paragraph 31 of the Complaint sets forth a legal conclusion for which no response is required. To the extent that a response is required, Amazon denies the same.**

32. It would be unjust and inequitable for Amazon to retain said benefits to the detriment of Plaintiff.

**ANSWER: Paragraph 32 of the Complaint sets forth a legal conclusion for which no response is required. To the extent that a response is required, Amazon denies the same.**

## AMAZON'S AFFIRMATIVE DEFENSES

Amazon for its Affirmative Defenses states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, since it has failed to state a claim against Amazon upon which relief may be granted due to lack of a contract between the parties, because Amazon did not breach any duty owed to Plaintiff, and/or Plaintiff's inability to establish any damage was caused by Amazon.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Amazon are barred, in whole or in part, because Plaintiff failed to mitigate its damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Amazon are excessive, unreasonable, and not caused by any conduct of Amazon.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Amazon are barred, in whole or in part, because Amazon and U.S. Xpress, Inc. ("USX") did not have a principal-agent relationship.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, due to the failure of a condition precedent that relieves Amazon from any alleged obligation allegedly owed to Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint against Amazon is barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint against Amazon is barred, in whole or in part, by the applicable lading documents, contracts of brokerage or carriage and/or tariffs related to the shipment.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint against Amazon is barred, in whole or in part, because Amazon was not negligent, did not owe or breach any duty owed to Plaintiff, and Amazon was not a proximate cause of any alleged incident, injuries, or damages of which Plaintiff complains.

## NINTH AFFIRMATIVE DEFENSE

Under the principles of contribution and indemnity, persons or entities other than Amazon are wholly or partially responsible for the purported damages, if any, that Plaintiff may have sustained.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim against Amazon is preempted by federal law (including, but not limited to 49 U.S.C. § 14706 and 49 U.S.C. § 14501), which exclusively govern this matter involving transportation in interstate commerce.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint against Amazon is barred, in whole or in part, because Plaintiff has failed to join necessary, indispensable, and/or proper parties, including, without limitation, USX and/or Transport Systems and/or parties unknown to Amazon.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint against Amazon is barred, in whole or in part, because Amazon did not convert Plaintiff's property.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint against Amazon is barred, in whole or in part, by additional affirmative defenses that may arise during the course of this litigation. Amazon reserves the right to amend this Answer to Plaintiff's Complaint to assert any such defenses.

WHEREFORE, Amazon requests that the Court:

1. Dismiss Plaintiff's claims against Amazon with prejudice.

2. Award Amazon the costs of defending this action, including reasonable attorneys' fees and costs; and

3. Award Amazon any and all other relief the Court deems just, reasonable, and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated: October 17, 2019 **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

By: *s/Eric Larson Zalud*
Eric Larson Zalud
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone: (216) 363-4178
Facsimile: (216) 363-4588
ezalud@beneschlaw.com

Kevin M. Capuzzi
222 Delaware Avenue, Suite 801
Wilmington, Delaware 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
kcapuzzi@beneschlaw.com

-and-

Dirk H. Beckwith (P35609)
FOSTER SWIFT COLLINS & SMITH PC
28411 Northwestern Highway, Suite 500
Southfield, Michigan 48034
Telephone: (248) 539-9918
dbeckwith@fosterswift.com

*Attorneys for Defendant Amazon.com Services, d/b/a Amazon*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. In addition, the undersigned hereby certifies that a copy of the foregoing is being served upon the following, by regular United States mail, postage prepaid:

Drew S. Norton
29501 Greenfield Rd., Suite 212
Southfield, Michigan 48076
*Attorney for Plaintiff*

                                              *s/Eric Larson Zalud*
                                              Eric Larson Zalud