IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SURE EXPRESS, LLC,

        Plaintiff,

v.

AMAZON.COM SERVICES, INC., d/b/a AMAZON,

        Defendant.

C.A. No. 2:19-cv-12999-GCS-APP

**DEFENDANT'S REPLY IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT**

Nothing in Plaintiff Sure Express, LLC's ("Plaintiff") belatedly-filed Opposition to Defendant's Motion for Summary Judgment ("Opposition") demonstrates that this Court should reach but one conclusion—there is no genuine dispute of material fact, and therefore, pursuant to Fed. R. Civ. P. 56, Defendant Amazon.com Services, Inc. ("Amazon") is entitled to judgment as a matter of law.[1]

**I.**    **PLAINTIFF FAILED TO DEMONSTRATE THAT A CONTRACT, IMPLIED OR OTHERWISE, EXISTS BETWEEN ITSELF AND AMAZON**

Plaintiff mistakenly argues that because the existence of an implied contract

---

[1] Pursuant Local Rule 7.1(e)(1)(B), the Opposition should have been filed on January 19, 2021—21 days after the Motion for Summary Judgment was filed and served on December 29, 2020—but was not filed until January 20, 2021.

1

is "usually a question of fact," Amazon's Motion for Summary Judgment (the "Motion") should be denied. (Pl.'s Opp. to Def.'s Mot. for Summ. J., Dkt. No. 23, p. 5). However, Plaintiff ignores the applicable standard—summary judgment should be granted if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The undisputed facts make it clear that there was no contract—implied or otherwise—between the Parties.

Plaintiff failed to present any evidence indicating mutual assent or a mutual intent to contract. *See Aero Tax-Rockford v. Gen. Motors Corp.*, No. 259565, 2006 WL 1479915 at *14 (Mich. Ct. App. May 30, 2006) ("[a] contract implied in fact arises under circumstances which … show a mutual intention to contract."); *see also Reed v. Yackell*, 473 Mich. 520, 531 (2005) (finding that an implied-in-fact contract generally arises "when services are performed by one who at the time expects compensation from another who expects at the time to pay therefor."). To the contrary, Plaintiff acknowledges the lack of any mutuality. (Pl.'s Opp. to Def.'s Mot. for Summ. J., Dkt. No. 23, p. 6; Def.'s Mot. for Summ. J., Dkt. No. 21, Ex. A, No. 1 ("Plaintiff did not have a written contract or agreement with Amazon.")).

Moreover, Plaintiff failed to demonstrate that it performed a service for Amazon. The evidentiary record of this case is that the subject load was cancelled and Plaintiff's drivers were previously banned from Amazon's facility for safety

violations. (Def.'s Mot. for Summ. J., Dkt. No. 21, Ex. G and Ex. J). Rather than present any competent evidence to the contrary, Plaintiff ignores these facts, stating instead that it is "irrelevant" that "the initial underlying load was cancelled." (Pl.'s Opp. to Def's Mot. for Summ. J, Dkt. No. 23, p. 6). However, it is highly relevant, because Plaintiff could not have performed any services for Amazon since the load was cancelled and Plaintiff's drivers were banned from Amazon's facilities.

In light of Plaintiff's failure to provide evidence regarding the existence of an implied-in-fact contract, its claim cannot survive. Therefore, Amazon is entitled to summary judgment on Count I.

## II. PLAINTIFF FAILED TO PROVIDE EVIDENTIARY SUPPORT FOR ITS REMAINING CLAIMS

As to its remaining claims for conversion (Count II) and unjust enrichment (Count III), rather than addressing the clear gaps in its logic, Plaintiff argues that under the doctrine of *res ipsa loquitur*, a jury could find that the Trailer was "in [Amazon's] possession and exclusive control when it disappeared." (*Id.*). However, Plaintiff's argument serves as nothing more than a red herring and a last ditch effort to defend its baseless claims. More specifically, Plaintiff fails to acknowledge that: (i) there is no claim for negligence in which the doctrine of *res ipsa loquitur* could be applied; and (ii) conclusive evidence indicates the Trailer could not, and did not, enter DTW5 because Plaintiff was previously prohibited from entering the facility due to damage it caused to Amazon's property. (Def.'s Mot. for Summ. J., Dkt. No.

3

21, Ex. G and Ex. J).

Because it cannot direct the Court's attention to any factual support for its remaining claims, Plaintiff relies on an irrelevant and inapplicable doctrine. Plaintiff cannot support the claims set forth in its Complaint, and summary judgment should therefore be granted in favor of Amazon. *Pringle v. United States*, Case No. 97-CV-60342-AA, 1998 U.S. Dist. LEXIS 19378, at *8 (E..D Mich. Dec. 9, 1998) (Steeh, J.) ("[T]he nonmoving party cannot rest on its pleadings to avoid summary judgment. It must support its claim with some probative evidence.").

### III. PLAINTIFF HAS NOT, AND CANNOT, PROVIDE PROOF OF DAMAGES

Finally, Plaintiff fails to address the fact that it cannot prove any damages given that the Trailer was located at and recovered from a Target facility. (*See* Target Subpoena Resp., p. 3). Plaintiff has not presented any evidence to suggest that Amazon caused the Trailer to be sent to such facility. More importantly, as the Trailer was recovered, Plaintiff is not entitled to damages for its cost.

Assuming *arguendo* that Plaintiff was entitled to damages for lost income, the amounts to which it believes it is entitled are pure speculation. (*See* Pl.'s Opp. to Def.'s Mot. for Summ. J, Dkt. No. 23, p. 8). Plaintiff has not provided the Court with any evidence of lost income, but instead, expects it to take Plaintiff at its word. This is insufficient to survive a motion for summary judgment. *Pringle*, 1998 U.S. Dist. LEXIS 19371, at *8 (finding that to defeat a properly supported motion to

dismiss, "the opposing party must come forward with 'specific facts showing that there is a genuine issue for trial.'") (*citing First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968)). As Plaintiff's representative testified at deposition that Plaintiff has approximately "[one] hundred trailers," (Def.'s Mot. for Summ. J., Dkt. No. 21, Ex. I), it is entirely speculative that the alleged temporary loss of this single Trailer would cause lost income to the magnitude of $500 per day that Plaintiff conclusory contends without proof.

Therefore, because damages are an essential element of each of Plaintiff's alleged claims, and Plaintiff has failed to provide any evidentiary support for the same, summary judgment should be entered in favor of Amazon on this basis, as well.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court enter an Order: (i) granting summary judgment in favor of Amazon on all claims; and (ii) granting Amazon such other and further relief as is just and proper.

Dated: February 2, 2021

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

 *s/ Kevin M. Capuzzi*
Kevin M. Capuzzi
1313 North Market Street, Suite 1201
Wilmington, Delaware 19801
Telephone:  (302) 442-7010
Facsimile:   (302) 442-7012
kcapuzzi@beneschlaw.com

-and-

Dirk H. Beckwith (P35609)
FOSTER SWIFT COLLINS & SMITH PC
28411 Northwestern Highway, Suite 500
Southfield, Michigan 48034
Telephone:  (248) 539-9918
dbeckwith@fosterswift.com

*Attorneys for Defendant Amazon.com Services, d/b/a Amazon*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 2, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Kevin M. Capuzzi*
Kevin M. Capuzzi
*Attorney for Defendant Amazon*
